{¶ 32} The underlying facts in this case are not in dispute, and the law does not mandate a trial of this matter; consequently, I respectfully dissent from the Majority Opinion.
 {¶ 33} The Majority Opinion correctly outlines the law regarding summary judgment.[2] It states without hesitation that under Dresher v. Burt, the non-moving party must be specific in its allegations and cannot rest merely on allegations and denials that appear in its pleadings. This is precisely what Scorcher's has done; therefore, I believe the Majority Opinion has mishandled the application of the law to this case.
 {¶ 34} I am not unmindful that Scorcher's enjoys a right to have every reasonable inference drawn in its favor. But, asDresher v. Burt points out, Scorcher's is not without some responsibility under Civ.R. 56. Scorcher's must produce a material fact to be tried. Otherwise, the trial court is within its authority to grant judgment to the movant.
 {¶ 35} Here, Scorcher's argues that the injury was accidental and the force used was reasonable. Westfield's insurance policy language, although equivocal to the Majority Opinion, seems unequivocal to me. It states that an "intended injury" is excluded from coverage except when the injury is the product of reasonable force.
 {¶ 36} Scorcher's failed to produce any evidence that the force used by the bouncers toward Roger Bryan was reasonable. In his deposition testimony, Roger Bryan stated that one bouncer held him in a choke hold while the other bouncer pummeled his neck, face, and stomach. This beating resulted in substantial injuries, which included the loss of his right kidney.
 {¶ 37} The Majority Opinion makes much of Stacie DiNunzio's testimony. But this consideration is misplaced. Scorcher's argument is not that the bouncers did not use force, but that the force that they used was reasonable and the injury accidental. DiNunzio claims "nothing happened," at least during the time she observed the bouncers and Roger Bryan. She does, however, admit that for a minor time period she did lose sight of the parties.
 {¶ 38} The bottom line is that Scorcher's produces no evidence to sustain its argument that the force was reasonable. Under Dresher v. Burt, the pleadings of Scorcher's amount to mere allegations and do not rise to the level of sustainable, triable facts.
 {¶ 39} The Majority Opinion suggests that an ambiguity exist in the insurance policy between the occurrence language and the exclusion clause. The policy defines an "occurrence" as an event involving bodily injury and excludes that "occurrence" when the force used to cause the "occurrence" is intentional.
 {¶ 40} The Majority Opinion also finds the argument of Scorcher's regarding the applicability of Physicians InsuranceCompany of Ohio v. Swanson[3] plausible. Scorcher's argues that an intentional act is nonetheless an accident if the harm resulting was not intended, nor substantially certain to occur. In Swanson, a boy fired a BB gun at a nearby sign intending to scare a group of teens, and one of the group was struck in the eye and blinded. The Ohio Supreme Court ruled the insurer had a duty to defend and indemnify the boy; the boy had intended to discharge the gun, but no evidence existed that he intended to injure.
 {¶ 41} Swanson is distinguishable from this case. Although an innocuous motive may attach to the shooting of a BB gun, intent to injure attaches when a person is so beaten that one of his kidney's must be removed as a result of the force used. I believe that the injury and the absence of any evidence of reasonableness of the force used substantiates the trial court's granting of summary judgment in this matter.
 {¶ 42} Finally, the Majority Opinion suggests that the law requires the insurer to defend a claim where the allegations of the complaint state a claim that falls either potentially or arguably within the liability insurance coverage. However, Bryan's underlying complaint against Scorcher's is completely couched in terms of an intentional tort. Accordingly, I dissent and I would have affirmed the trial court's summary judgment.
[2] See Brown v. Scioto Cty Bd. Of Commrs. (1993),87 Ohio App.3d 707 and Dresher v. Burt 75 Ohio St.3d 280,1996-Ohio-107.
[3] (1991), 58 Ohio St.3d 189.